IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISON

| | |
|---|---|
| THOMAS CIENIEWICZ, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 1:22cv172 |
| v. : | |
| : | |
| DR. GHAFOURPOUR, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant, First Sergeant David Elliott, by counsel, hereby opposes plaintiff's Motion to Amend Complaint (Dkt. 16).

**I.     INTRODUCTION**

Plaintiff filed his Complaint on February 17, 2022 alleging that medical providers at the Chesapeake City Jail denied him adequate medical care and that certain jail officers were informed of his serious medical needs but did not act (Dkt. 1). Plaintiff has now filed a "Motion to Amend" his Complaint to add Sheriff O'Sullivan as a defendant. Plaintiff, in his motion, seeks to amend his Complaint to allege that Sheriff O'Sullivan "failed to maintain proper oversight on Wellpath Medical Services". Plaintiff's proposed amendment is futile, as he fails to set forth cognizable claims that could withstand a Rule 12(b)(6) motion to dismiss. Accordingly, Plaintiff's Motion should be denied.

**II.     ARGUMENT**

Fed. R. Civ. P. 15(a) provides that, "leave [to amend] shall be freely given when justice so requires." However, denial of leave to amend is appropriate when the proposed amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or

the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). In determining whether a proposed amendment is futile, the court may consider whether the proposed amendment can withstand a Rule 12(b)(6) motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Smith v. Purnell*, No. 1:11cv922, 2011 U.S. Dist. LEXIS 141738, * 12 (E.D.Va. Dec. 9, 2011).

Plaintiff's proposed amendment adds a supervisory liability claim against Sheriff O'Sullivan for the actions of Wellpath medical providers. There are no claims of direct involvement by Sheriff O'Sullivan in Plaintiff's medical care. Further, to establish supervisory liability under § 1983, "a plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Motion does not suggest that Sheriff O'Sullivan had any specific knowledge of Wellpath's care of the Plaintiff, he merely seeks to add Sheriff O'Sullivan for failure to "maintain proper oversight". Plaintiff's proposed Amendment would be futile, as it fails to state a credible claim of supervisory liability against Sheriff O'Sullivan.

Accordingly, Plaintiff should not be permitted to amend based on his proposed new allegations against Sheriff O'Sullivan.

FIRST SERGEANT DAVID ELLIOTT

By: _____/s/_____
Of Counsel

Jeff W. Rosen, Esq., VSB No. 22689
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6253
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Elliott*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 21st day of July, 2022, I will electronically file the foregoing ***Memorandum in Opposition to Plaintiff's Motion to Amend Complaint*** with the Clerk of Court using the CM/ECF system and will mail the foregoing by U.S. Mail to the following non-filing user:

Thomas Cieniewicz  #1191016
HU7 Cell #239B
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870
*Pro Se*

                /s/
              Jeff W. Rosen, Esq., VSB #22689
              PENDER & COWARD, P.C.
              222 Central Park Avenue
              Virginia Beach, VA 23462
              Phone: (757) 490-6253
              Fax:    (757) 497-1914
              jrosen@pendercoward.com
              *Counsel for Elliott*