U.S.
EASTER
401 C
ALEXANDR

Hasler
09/30/2022
US POSTAGE
$01.44

ZIP 22314
011D11648117

MIXIE 274 4C 1 8210/10/22
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 22314579899    2040N283150-01026

RECEIVED MAILROOM
OCT 14 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

U.S. MARSHALS

Angela Boice Axselle
Wimbish Gentile McCray & Roeber PLLC
8730 Stony Point Pkwy
Suite 201
Richmond, VA 23235

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

THOMAS CIENIEWICZ, :
:
Plaintiff, :
: Civil Action No: 1:22cv172
v. :
:
GHAFOURPOUR, DDS, ET AL., :
:
Defendants. :

## *Revised* AGREED PROTECTIVE ORDER

The Plaintiff and Defendants (collectively, the "Parties") agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, medical, business financial or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties request that this Court enter this Agreed Protective Order and, thereby, ORDER, ADJUDGE and DECREE that:

1. A Party may mark and designate any confidential material with the word "CONFIDENTIAL". Any material, including tangible and intangible confidential information, that are designated as "CONFIDENTIAL" are sometimes referred to in this Order as "Protected Material."

2. The designation of confidential documents shall be made by placing or affixing on each page of the material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL". If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for

protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the producing Party must determine which documents, or portions thereof, qualify for protection under this Order and affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

3. The designation of testimony given in deposition, pretrial or trial proceedings as "CONFIDENTIAL" shall be made on the record before the close of the deposition or proceeding.

4. The designation of information produced in some form other than documentary and for any other tangible items, shall be made by affixing the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored.

5. The Parties agree that they will be judicious and reasonable in designating materials as "CONFIDENTIAL" under this Order.

6. If timely corrected, an inadvertent failure to designate qualified information or items as confidential does not, standing alone, waive the designating Party's right to secure protection for such material under this Order. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. The Parties recognize that, during the course of this action, there may be produced Protected Material or confidential information originating from a non-Party to which there exists an obligation of confidentiality. Information originating from a Non-Party that a designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as "CONFIDENTIAL" and shall be subject to the restrictions on disclosure specified in this Agreed Protective Order.

8. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9. If any Party disagrees with any designation made under this Order, that Party shall bring it to the attention of the designating Party within a reasonable time after discovering their disagreement. To challenge the designation of material as "CONFIDENTIAL," the challenging Party must provide the designating Party with written notice of the challenging Party's objection and describe the basis for the objection. The Parties shall timely meet and confer to attempt to resolve the objections without court intervention. The meet and confer requirement may be satisfied through electronic mail, or any other means the parties deem sufficient. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality, or equivalent motion, with the Court within fifteen (15) days after such notice. During this fifteen (15) day period the challenging party shall treat the document(s) as confidential. If the designating Party files such a motion within the fifteen (15) days period, the receiving Party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating Party's designation, until the Court has ruled on the designating Party's motion.

10. A receiving Party may use Protected Material that is disclosed or produced by a Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

3

11. Protected Material, and the information and contents thereof, and confidential information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a. The Parties and their respective employees and agents to whom disclosure is reasonably necessary for this litigation;

b. Counsel of record for the Parties and employees of such counsel who are materially assisting in the preparation or trial of this action and to whom disclosure is reasonably necessary for this litigation;

c. Experts and consultants retained by a Party to serve as an expert or consultant and to whom disclosure is reasonably necessary for this litigation;

d. The Court and its employees and staff;

e. Court reporters and videographers, to whom disclosure is reasonably necessary for this litigation;

f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

g. Any person mutually agreed upon in writing by all Parties.

12. If a receiving Party learns that it has inadvertently disclosed Protected Material to any person or in any circumstance not authorized under this Agreed Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to promptly retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms and protections of this Order.

4

Case 1:22-cv-00172-LMB-IDD Document 51 Filed 09/27/22 Page 5 of 8 PageID# 296

13. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. The producing Party must promptly notify the receiving Party in writing via electronic mail of the inadvertent production. The inadvertently produced Protected Material shall be promptly returned to the producing Party.

14. In no event shall Protected Material or confidential information be disclosed or made available to competitors of any Party or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party.

15. Protected Material shall be used solely and exclusively for the purpose of this litigation and under no circumstances may Protected Material be used in any other action or for any purposes unrelated to this litigation. Protected Material shall not be used, shown, disseminated, copied, or in any way communicated, transferred or disclosed, orally or by any other means, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action.

16. Before being given access to any Protected Material, each Qualified Person (other than the Court and its staff and employees) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall indicate their agreement to abide by the terms of this Order.

17. Other than the Court and its employees and staff, any copy of Protected Material distributed to a Qualified Person shall be returned to counsel for the producing Party or destroyed within sixty (60) days after the termination of this action. Such Qualified Person shall, upon the request of counsel or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned or destroyed as required.

18. The provisions of this Order shall continue to be binding after the final disposition of this action. This Order is and shall be deemed to be an enforceable agreement between the Parties and their

agents and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

19. To the extent that exhibit lists are filed in any deposition or proceeding in this case, the Parties shall, at the appropriate time, address the use and protection of Protected Material at trial.

20. This Order shall be binding upon the Parties, counsel for the Parties, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

21. This Order does not constitute a waiver of any Party's right to object to the discovery or admissibility of any material on any ground.

22. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

23. In the event counsel for any party determines that it is necessary to file any confidential document with the Court in support of a pleading, motion, brief, or other paper or exhibit, or to make reference to such material or information, the confidential information shall be redacted. Alternatively, a motion to seal such documents shall be filed pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia. If the Court denies the motion to seal, the party may file the document notwithstanding the provisions of this Order.

24. The Parties will abide by Local Civil Rule 5.

The Clerk is hereby directed to send a certified copy of this Order, as entered, to all counsel of record herein.

ENTERED: 27th  day of  September , 2022.

/s/ Ivan D. Davis
---
Judge

SEEN AND AGREED:

/s/ Angela Boice Axselle
---
Joel M. McCray, Esquire (VSB No. 38116)
Angela Boice Axselle, Esquire (VSB No. 43864)
Wimbish Gentile McCray & Roeber PLLC
8730 Stony Point Parkway, Suite 201
Richmond, VA 23235
Phone: 804-655-4830
Fax: 804-980-7819
aaxselle@wgmrlaw.com
jmccray@wgmrlaw.com
**Counsel for Wellpath, LLC, Alex Taylor, MD
And Kourosh Ghafourpour, DDS**


SEEN AND AGREED:

_____/s/_____
Daniel Hutcheson Goldman, Esquire
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
Phone: 202-677-5709
dan@dangoldmanlaw.com
**Counsel for Plaintiff Thomas Cieniewicz**

Evan Michael Goldberg, Esquire
Law Office of Evan M. Goldberg
5423 32nd Street NW
Washington, DC 20015
Phone: 504-717-5005
egoldberg.esq@gmail.com
**Co-Counsel for Plaintiff (Pro Hac Vice)**

7

SEEN AND AGREED:

_____/s/_____
Jeff W. Rosen, Esquire
Pender & Coward, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
Phone: 757-490-3000
Fax: 757-497-1914
jrosen@pendercoward.com
**Counsel for Defendant Sgt. David Elliott**

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

8

